IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DONNIE GARRETT LEE CHILDERS                                                           PLAINTIFF

v.                                  Civil No. 2:23-CV-02048-PKH-MEF

JAIL ADMINISTRATOR SHANE DAVIS,                                                    DEFENDANTS
SERGEANT MERCEDES ANDERSON and
JAILER GARETT REESER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on April 5, 2023. (ECF No. 1). Plaintiff alleges his constitutional rights were violated on March 14, 2023, while he was incarcerated in the Scott County Jail as a pretrial detainee. (*Id*. at 4). Specifically, he alleges Defendant Reeser "verbally assaulted" him when giving Plaintiff his mental health medication. (*Id*.). Plaintiff alleges Defendant Reeser told him he "looked good" and then told Plaintiff to show him his tongue after he took his medication. (*Id*. at 4-5). Plaintiff alleges Reeser told him to wiggle his tongue in a "very sexual way." (*Id*. at 5). Plaintiff alleges he was not permitted to call the Prison Rape

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Elimination Act ("PREA") number to report the incident. (*Id*. at 4-5). He alleges he was put in lock-down, his mental health was affected, and "they are allowing the guard to still be around me." (*Id*. at 5).

Plaintiff proceeds against all Defendants in their official and individual capacities. (ECF No. 1 at 5). For his official capacity claim, Plaintiff alleges he is being denied his right to contact the PREA hotline. (*Id*.). Plaintiff seeks compensatory and punitive damages. (*Id*. at 9). He alleges he is a mental health patient, and Defendant Reeser "coming on to him" altered his moods and mental state. (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's allegation that he was denied his right to call the PREA hotline fails to state a claim upon which relief may be granted. Section 1983 does not create any substantive rights. Rather, it provides a remedy for violations of constitutional rights or rights created under federal law. *Tarsney v. O'Keefe*, 225 F.3d 929, 939 (8th Cir. 2000). The PREA authorized the federal government to give grants to prisons and detention facilities that implement procedures designed to reduce the number of prison rapes. 34 U.S.C. §§ 30301-30309. While there appears to be no Eighth Circuit decision on point, it is clear the PREA does not create a private cause of action. *Johnson v. Garrison*, 859 F. App'x 863, 864 (10th Cir. 2021); *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017); *Krieg v. Steele*, 599 F. App'x 213, 232-33 (5th Cir. 2015); *Wilmoth v. Sharp*, No. 6:15-cv-06057, 2018 WL 1092031, *3 (W.D. Ark. Feb. 27, 2018). The Court of Appeals for the Eleventh Circuit has held that a violation of the PREA is not a *per se* violation of the Eighth Amendment. *Cox v. Nobles*, 15 F.4th 1350, 1361 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 1178 (2022).

Likewise, Plaintiff's allegation that Defendant Reeser verbally assaulted him also fails to state a plausible § 1983 claim. "Verbal threats do not constitute a constitutional violation." *Martin*, 780 F.2d at 1339. Similarly, taunts, name calling, and the use of offensive language does

3

not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993).

## IV. CONCLUSION

For the above-stated reasons, it is recommended:

1. That the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, that the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration. And,

3. That the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of May 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE